and for the appellate, Ms. McLean, for the athlete, Ms. Vinson, and the chief. You have to speak up a little louder. That just records, it doesn't amplify. The state is appealing trial court's granting of defendant's motion in limine, which prohibited the state's evidence of the reason for defendant's prescription of suboxone, his drug addiction, the drug being found in his daughter's body following her death. By way of background, on May 7, 2012, defendant's one year old daughter was in a great deal of distress, was taken by ambulance to the hospital where she died. Testing revealed that defendant's daughter had suboxone in her system, and one of the ingredients of that drug had caused her death. Defendant was charged with the offense of endangering the life of a child causing death, in that he willfully caused the life of his child to be endangered, in that he placed in proximity to or permitted access to the drug suboxone, a controlled substance, and said proximity or access was the approximate cause of her death. That's not really the language of the statute. Should that give us any pause? I don't believe so. I think that the statute has been construed repeatedly to cover a broad spectrum of conduct. Is it the state's theory that the defendant actually gave the drug to the child? That's one of the state's theories. Go ahead. Defendant filed a motion in limine, which sought to preclude the state from presenting evidence of defendant's history of substance abuse and addiction. After hearing arguments, the trial court found that evidence of defendant's drug addiction did not fit any exception for other crimes evidence would be prejudicial, and that as charged, permitted access was not the same as administered or gave. So the evidence of drug addiction was not relevant to the offense as charged, since the defendant was not alleged to have given the drug to the infant. The state is asserting that the trial court erred where the evidence of defendant's drug addiction was admissible as part of the continuing narrative or coherent narrative, and where the evidence of defendant's drug addiction was admissible to prove defendant's knowledge or absence of innocent frame of mind. And the trial court also erred in restricting the definition of permitted access to not include administer or give. The first evidence of defendant's drug addiction was admissible as part of the continuing narrative or coherent narrative of the event giving rise to the offense, was intertwined with the event charged, and explained an aspect of the charged crime that would otherwise be implausible or improbable. Without this other crimes evidence, the fact-finding process would be short-changed because the jury would be limited to considering a sterile environment of what happened within a few hours on May 7th, when there was a history that was clearly relevant to a determination of the true facts of what took place. Without the evidence of defendant's drug addiction, the jury would only know defendant was prescribed Suboxone the day before. The jury would not know his history of knowledge of the effects of opiates, his years of experience with a pain reliever that makes one drowsy. This evidence of drug addiction set the stage for May 7th, and without this testimony, the state's version of the offense might appear improbable because of the absence of any knowledge of the effects of the drug in defendant's willfulness in allowing the one-year-old to have access. Otherwise, the state's theory of how the crime occurred, defendant willfully placing the child in proximity to, or permitting access to the drug, might appear improbable because of an absence of evidence of defendant's knowledge of the properties of this drug. The reason I asked my earlier question is it's not clear to me that a one-year-old child can unscrew a bottle or container containing drugs and take it out. And I'm just wondering, this proximity to drugs would be seemingly a better charge and more understandable if we're talking about a toddler or four-year-old or something like that, but I'm having trouble understanding what the theory is here. The discovery is not in the record, so the theory, as stated by the prosecutor at this hearing, was that defendant knew the effects of the drug on himself and was going to relieve the infant's distress by administering it, and I'm assuming that meant handing it to him. However, the charge is broad because it says proximity to or permit access to. I don't know exactly. I'm assuming all of the evidence is probably going to be circumstantial, only two people present. Were there any statements from the defendant himself about what happened? I believe he made a statement because there's indications that he admitted to being a heroin addict. That's presented at the hearing, but the statement is not in the record. Well, at the hearing on the motion to eliminate, it seems to me if there were statements made by the defendant that the state intended to use at trial regarding the circumstances of how this child came to ingest Suboxone, that that would be something the prosecutor could talk about. I can't think so. Judge, here's this evidence. We want to present this, and the defendant said X, Y, and Z, and we need to have this to go along with that evidence as part of the state's case. Is there anything like that? There's nothing like that. What we have is the defendant lying to the investigators, saying they asked where the medicine was kept in the house, and he says the medicine cabinet, when in fact Suboxone is kept on its person at all times. That's in the evidence. How do we know that? The prosecutor represented that at the motion. Did he give inconsistent statements about that? Yes, he gave an inconsistent statement. He was asked if he had ever been prescribed this drug before, and he said yes, but it had been like a year and a half ago, when in fact it had been three months, a much shorter time. Without this evidence, some of his conduct engaged in by him would be implausible, or perhaps even inexplicable. For example, because of his addiction, he carried the drug on his person, and it was not in the medicine cabinet where the police searched, and his wife had checked the drug the very day the child had died. The fact that the defendant had the drug addiction explains why the drug is so closely monitored. These facts have greater relevance if the jury knows of this drug addiction, and not merely that a doctor prescribed it the day before. I found two cases that are Fourth District cases that I thought were somewhat similar. Carter, a Fourth District case from 2005, and Johnson, a Fourth District case from 2006. In each of these cases, this court uses the continuing narrative exception. In Johnson, this court stated that without the evidence of the defendant's altercation with a man named Phil, and the three drive-by shootings, the defendant's bursting into an apartment of total strangers and shooting them for no reason was inexplicable. Without the other crimes evidence, the state would have been unable to provide any theory as to why the defendant attacked these total strangers. Similar to this case, the state's theory is that because of his knowledge of the drug's properties, he was giving the infant the drug in order to relieve her distress. So the state would be unable to provide their theory if this evidence is excluded. In the Carter case, the defendant's prior conduct and court affairs concerning his treatment of the victim, with whom he had five children, furnished the backstory that made the immediate evidence of the charged crime of home invasion and aggravated sexual assault coherent and understandable. Without that evidence, some of his conduct would have been implausible or inexplicable, and the fact-finding process would be shortchanged. Because the trial fact would be limited to a sterile environment of only a few hours. In my case, the fact-finder will also have the same problem, where if you're limited to the sterile environment of only a few days, where he's given the prescription on one day and the baby dies on the next day, I mean, there's no story, the backstory or setting the stage for the crime is excluded. The state is also maintaining that in addition to the continuing narrative exception, this evidence was admissible to prove the knowledge or absence of an innocent frame of mind as going toward his willfulness. The state's theory was that the defendant, knowing the properties of the opiate because of its extensive drug use and addiction, willingly endangered the child's life by placing her in proximity or permitting access to this drug. Because of his familiarity with the drug and its effect on him, he knew the risk of leaving the drug in the proximity of the one-year-old. Evidence that he was prescribed an opiate the day before would not show his state of mind and willfulness in absence of mistake. The Marquez-Weiss Second District case from 1993 is similar in that case. The state's witnesses related defendant's use of intravenous drugs and his history of drug abuse and his nickname, Dr. John, which described his proficiency in delivering intravenous injections of narcotics. All of this evidence supported the state's theory that the defendant murdered the victim by repeatedly injecting her body with cocaine. It was directly relevant to the method utilized in Shelton's murder. The defendant knew the amount of cocaine he injected was lethal and that he intended to kill her. This eliminated any speculation that the defendant was mistakenly injecting Shelton with a fatal overdose. The state would also assert that the trial court here unduly restricted the definition of permitting access to when it went beyond the relief requested in the motion limiting and held that it did not encompass administer or give. There are a myriad of cases construing this endangering of a child statute and the statute has been construed broadly to apply to all cases. And this is all in line with the purpose of the statute, which is to protect children from harm or potential harm by those caring for them, including their parents. The defendant kept this drug on his person and only two people were present, the defendant and the child. Permitting access was charged broadly to encompass whatever method the defendant used to willfully endanger the child's life. Circumstantial evidence would have proved that the defendant permitted access to this drug, whether he put the drug in the baby bottle and gave the bottle to the baby, whether he put the drug on the coffee table and let the baby out of the high chair. There's no evidence, but somehow the only opiate in the house, which is on the defendant's person, ended up in the infant's blood system. And we'd ask this court to reverse the order of the circuit court and remand for a trial. Thank you. Good afternoon. May it please the court and counsel. As a preparatory matter, I think we need to address a couple of things first. And first of all, I am not at all convinced that the second motion to eliminate is even an appealable order. It has no effect of limiting evidence at all. When you're talking about whether someone can be cross-examined on an item, it's a contingent matter. We don't even know that that's going to occur. He would still have to testify first. So under 604A, it doesn't have the effect of suppressing the evidence whatsoever. So I don't believe that part is an appealable order. The state admits in its brief that it is anticipatory. So from that perspective, I believe that it's not even an appealable order. As a second matter, I think the court needs to keep in mind what the state is asking this court to do, which is to address a forfeited issue, the continuing narrative aspect of the case, for plain error with an abuse of discretion standard. I think that's a problem. First of all, it's forfeited. The trial court, in the first instance, didn't have the opportunity to address that particular aspect of what the state is now arguing, that it's a continuing narrative. I'll get to whether or not it's a continuing narrative in a moment. But from that perspective, this is absolutely forfeited, and this court should not address it. From the motive and absence of mistaken knowledge aspect, it hasn't really been dealt with here. Continuing narrative is the main focus of the state's argument here. But they're all essentially sort of variations on the theme. But they all have the same problem. So on the merits, continuing narrative, the theory behind it is that it has to be able to explain relevant facts. And the relevant facts here is that Mr. Stevenson does have suboxone. It's been lawfully prescribed to him. His toddler child was taken to the hospital in obvious distress. And a few weeks later, they found out what killed her, that she had suboxone in her system. So the elements of the offense, as it's charged, is that he knowingly placed this child in proximity to or allowed access to this drug. The problem is this. His addiction does not explain how this child got the drugs. The state's theory, the only theory that they advanced at the motion in Lemonet, was that somehow he gave it to her. But defense counsel very vociferously stated that that was not in the discovery, and there was no evidence of that. So the state has... Well, is there evidence from which the state could argue that at trial? If there's evidence, they probably could. But from this perspective, apparently they don't have that evidence. But even so... Well, we don't have the trial yet, so we don't know. He was the parent. Was he the one who was the custodian of the date in question when she died? He would be the custodian of the date in question. But it still doesn't... The relevant fact for purposes of the charge is that if that's the state's theory, then it doesn't matter if he's an addict or not. What matters is he has the drug. Well, the charge is, the statute speaks of being a lawful only person to willfully cause or permit the life or health of a child under 18 to be in danger, to willfully cause or permit a child to be placed in circumstances that endanger the child's life or health. If he gave her Suboxone... You don't have to be an addict. You don't have to be a doctor. You don't have to be a pharmacologist to understand the danger of the drug. So I'm not sure what his addiction has to do with... But the state would be entitled to present evidence to explain, to address the willfulness, willfully cause or permit a child to be endangered, to establish that you knew that this was dangerous. The problem is this. Every case that I've reviewed, both what's been cited in the briefs and in my own independent research, someone's status... Someone what? Someone's status, what someone is, is not relevant evidence for purposes of a continuing narrative. The evidence is always what somebody did, what actions somebody took. It's never just what they are. So the state, let's assume, wants to present evidence from which they're going to argue to the jury, for all I know, he was the custodian of the child. He was the one who had access to this drug, and the evidence shows he gave it to her. Now, so what? Based upon the restrictions placed upon the state, they would be prohibited from bringing out what he knew about this drug, what he was chargeable with knowing, given his own experience with it. Isn't that correct? No. They would be able to demonstrate, if he has been prescribed this drug, he's been given the information of what this drug is, and all of its interactions. When anybody, anybody gets a drug, you get that big sheet, and your doctor tells you what this drug is. They don't have to demonstrate that he has an opiate addiction in order to demonstrate that he understands what this drug is and what it can do. So your only objection is his status? Well, that's what the state is trying to admit here, that he is a drug addict. Therefore, he is more guilty. I thought the motion eliminated for us was rather more than just the status of his being a drug addict. They want to introduce the evidence that he's a drug addict in order to demonstrate the rest of it, which is his knowledge. That's the problem. The fact of his drug addiction does not demonstrate anything about... So given the motion eliminated, how would the state go about proving his knowledge? Well, they know he's got a valid prescription for it. They call his doctor, depose his doctor, call the doctor to the stand, get a pharmacologist. There are many ways you can demonstrate what Suboxone does and what it doesn't do. They have established that he knows it. It's not whether a pharmacologist knows it. Well, that's true. However, if the charge is endangering a child, is he required to know every detail about Suboxone, or is he just required to know that this is an opiate and you probably shouldn't give it to a one-year-old? That's what they have to demonstrate, and that they can demonstrate. You don't think that his prior abuse of drugs and his relapse almost immediately before this occurs has any relevance when you're talking about the judgment a person uses, the attention someone pays to the situation they're in, or the fact that they might be muddled in terms of whether under the state's theory he might have administered it because he thought it would help the child. I mean, that seems to me to be relevant. Well, and I think the key word there... Without... He could be someone who suffered from substance abuse, that never had any problems with the law, and voluntarily submitted himself to treatment and was on the right path and then has a relapse. It happens. Well, sure it does. And would that be... Someone's status is always relevant when you're questioning a witness, isn't it? You want to know whether... It depends on the status. You're an addict. Were you taken that day? How did you... What kind of eyewitness are you? Or you're a gangbanger. Or you're this, or you're that. But you're talking about the second motion in Lemonade more so than the first. It seems to me that they dovetail, separate and apart from the appealability of it, and separate and apart from the fact that no certificate of impairment was filed, either in the trial court or a supplement to the appellate court. I guess we're just supposed to assume that if somebody says, well, this gutted our prosecution, that that satisfies everything. They don't have to pay any attention to the rest of the rules. But back to what we're talking about. I'm not comprehending why that wouldn't be relevant. If you're reckless or careless or willful, and you interchange those, then how you are, your state at that moment, and the 24 hours before and the 48 hours before, if something has affected that, if something has helped you act one way or another, or possibly influenced you, that's relevant. Because the problem is the paucity of evidence we've been given here. All we know from this record is that he has an addiction, he was prescribed Suboxone, and a few weeks later, they discovered that the child died from this particular drug. They don't know how she got it. Well, this particular motion in Lemony ruled on before we know anything. That's a problem, actually. Well, it is a problem, yeah. So does that throw the case out? It's the defendant's motion, so the timing is not the state's problem. And it's the state's problem. Right. But if... You don't even know yet how we're going to try to use this evidence. You have an inclination that you're going to try to paint our client in a bad way, but depending upon how that evidence comes in and how it might be limited more narrowly, we don't know what the result will be. And that's actually one of the problems here. It's a motion in Lemony. Now, if the state could produce some other evidence that would make that relevant, the state could come back on this charge and say... Well, if they just said, Your Honor, it's premature. We think that the fact that this gentleman did have an opiate addiction previously, maybe he received treatment, he's clean, then he has a relapse, and the relapse is immediately before this happens, and he's got a new prescription, which incidentally isn't present at the scene. So what happened to it? Because it's a few weeks later. How many days later? I believe the autopsy was a few weeks. At least three. Yeah, I'm talking about when there wasn't anything done at the time. Not according to the record. But the state's theory is there still should have been some left from the prescription, and there wasn't? I mean, there's a reference. Yeah, there's a reference to that, but it's not clear what the timing is. So it's difficult to say exactly where that one might go. Well, it's kind of difficult then to figure out whether emotional enmity ought to have been granted or not. It's also very difficult to appeal it, saying it should be one way or the other. Again, if the roles were reversed, of course the defendant wouldn't be able to appeal it at this point. But if the defendant could come up with additional evidence and then ask the court to review it and reconsider it, that's an option. It's still an option for the state. The problem is what they're trying to do, based upon what little they've given us here, it's not relevant because they haven't connected up his addiction to the facts that led to the child's death. They don't know what, if anything, he did, and all of the cases on continuing narrative or any of the other exceptions, the motive, absence of the state, there still has to be some action that Mr. Stevenson took that's relevant to how his child died. In much the same way, if we took anybody in this room, if we just had knee surgery, we have a prescription for Percocets or Dogersets or whatever we got, is it necessary for the jury to know that we had knee surgery in order to know that we have these drugs and if we just dropped a pill or something like that and a child picked it up? Is the fact of our knee surgery relevant? Well, how do you think the court should handle this with regard to he was prescribed Suboxone? That's it? And what's the effect of Suboxone and how does that work? Could any of that be gone into? Yes, you can do that without knowing that he's an addict. You can get an opiate for any one of the variety of reasons without being an addict. So the whole idea behind his being prescribed Suboxone and using it would just be unexplained as far as the jury is concerned? It doesn't need to be explained. The point is... Well, that's your position. It doesn't need to be and should not be. It doesn't need to be explained why he has the drug. What needs to be explained is that he knows what the drug is and its effects, which you can do without telling anyone he's an addict. His addiction isn't relevant to his knowledge as to what that drug is and what it does. Well, you know, opiates are a huge class of drugs and whatever he may have been addicted to before... As I read about the motions, there's all kinds of stuff here that motions of M&A sought and it seems like the trial court granted. If this were just, Judge, we have a motion of M&A so that the defendant should not be identified as a heroin abuser taking Suboxone to help him deal with that. That's rather different than the other motions such as he was prescribed Suboxone the day before the child died. That's part of the motion. Such as the prescription was a result of his relapse or that the inconsistencies about when he was prescribed Suboxone and why. Why is that also damaging and prejudicial that the jury shouldn't hear anything about it? Well, really for the same reason the state appealed it in the first place. Without that evidence, their case was, quote, gutted. And what that means is without that evidence, they can't come up with a case. But that doesn't answer my question. Why is that so prejudicial that it should be barred? Why isn't it fair evidence? Because it, first of all, is not relevant. When he was prescribed Suboxone and how he had it? That is. And is testifying inconsistently or giving inconsistent statements about when he got it? Why is that improper? In my opinion, that's not appealable because that would require Mr. Stevenson to testify. No, it wouldn't. He could bring out his statements to the cops. But that's what he tells the cops. They'd have to testify about it. If it were relevant. And it fell into one of the exceptions. My question is why is it so prejudicial as to be barred? That in and of itself is not necessarily prejudicial when you add it to the fact of his addiction. That's the problem. But that goes back to the other question. This wasn't a simple request. Judge, we don't want the jury told that he is an addict or was an addict. That wasn't the motion to limit it. But what they're allowed to present is that he has the prescription. He had it the day before. Everyone agrees on that. And the circumstances surrounding the child's death. The problem is that the state is trying to introduce the fact of his addiction to explain everything that happened after that when they don't have an explanation for what actually happened to start with. If they were able to produce evidence of what happened, then that addiction may or may not be relevant. We don't know. But what we have right now is he had a prescription for Suboxone and had it the day before. And at some point three weeks later, they discovered the child died from the Suboxone. But we don't know how it happened. So from that perspective, the addiction and all of the circumstances surrounding why he has the drug is not relevant. Because it doesn't matter. Because it doesn't prove anything. It doesn't prove how the child died. Which is really what we're doing. It doesn't prove how that child was placed in proximity to or had access to the drug. The fact of his addiction does not explain the elements of the offenses charged. And I think when they were talking about when the judge was allegedly limiting the definition, that's not, in my opinion, what he was doing. In the context of what they were talking about, the judge was trying to explain what the problem is with their charge in relationship to what they're trying to introduce. If their theory is that he actually gave this child the drug, then endangering really isn't the problem and isn't the correct charge. It's a much more serious offense. A few years ago, this court had the occasion to address the unfairly prejudicial means that evidence in question will somehow cast a negative light upon a defendant for reasons that have nothing to do with the case on trial. Right. That his being an addict and his suboxone and the effect upon his addiction upon him seems to me to be falling somewhat short of that standard, reasons that have nothing to do with the case on trial. And I'm not sure that's necessarily true. If the case on trial is how this child died, then adding the fact that this man is an addict just shades the whole thing with a negative connotation that isn't relevant and, frankly, he doesn't deserve because it's not necessarily, they haven't demonstrated how his addiction is relevant to how the child died. That's the problem and that's why it's so prejudicial. Since they can't prove exactly what happened, you're going to throw in a status problem as opposed to an action. Like I said, every case I review that deals with this exception, the defendant has taken some action. He has done something. He has not just been something, he has done something. His action is he relapsed, as Justice Connick pointed out. He's back into his circumstance he was before where he is now once again a child who needs Suboxone and he understands the effect, he ought to understand the effect of Suboxone and maybe his combination of the relapse and the Suboxone also adversely affects his judgment. So that the idea about why would anyone give this pill to a one-year-old child might be answered at least in part because he's got no sense because he's being drugged up himself. And if that's the case, then again, they've pursued the wrong charge. The best construction of that would be involuntary manslaughter. Well, yes, but this is the charge they've brought and if the jury doesn't find that to be appropriate, then it's not guilty. Well, and that's true. Because it doesn't really address the question of the admissibility of  But it does because his addiction, again, doesn't have any relevance to the actions he takes. It has a relevance to why he has the drug, but you don't need to know why he has the drug in order to understand what they've got so far. What the state needs to do is fill in that middle part. What did he do or not do? What action did he take or not take in order to endanger the child? Does Suboxone, do you know on this record, whether it has any use besides being a treatment for people who are otherwise heroin addicts? On this record, I do not. I do know the answer to that question. Okay, what is it? There are other uses for it. Opiates are a huge class of drugs and just because you can take one opiate as opposed to another, the reason Suboxone is used for weaning people off of an opiate addiction is that it does not have, apparently, some of the highly addictive properties that some of the other classes of opiates do, like Oxy. That's what the uses are. Thank you. Thank you. Rebuttal. The state responds that we don't believe that we forfeited any issues and that the prosecutor below argued generally and argued that defendants' drug addiction would show his opportunity for possession and we argued that that would dovetail into the continuing narrative exception. The state compartmentalized for purposes of the brief and for looking at cases and et cetera. And we'd also argue that the addiction explains how he knew the properties of the drug and it's directly related to the mental state the state was trying to prove. His use of the drug over years, to the extent that he used the drug, shows his extensive knowledge of the properties and was directly relevant in this case. Are there any other questions? Do you want to say anything about the missing Certificate of Impairment? I believe that the Certificate of Impairment was kind of included in the Notice of Appeal. How so? I think in the Notice of Appeal they said that they were significantly impaired if the case was impaired. Is that what the rule contemplates? I did not find any cases that held against us. Thank you. Thank you. I take this matter under advisement. Standing recess until further call.